[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**RECEIVED**
SEP 22 2025
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Tomyro L. Dobbs )
)
_____ )
)
_____ )  CIVIL ACTION
(Name of the plaintiff or plaintiffs) )
)
v. )  NO. _____
)
Kristi L. Noem )
)
Secretary, Department of Home ) 1:25-cv-11472
(Citizenship and ) Judge LaShonda A. Hunt
land Security (Immigration Services)) Magistrate Appenteng
(Name of the defendant or defendants) ) RANDOM/CAT.

## COMPLAINT OF EMPLOYMENT DISCRIMINATION

1. This is an action for employment discrimination.

2. The plaintiff is __Tomyro L Dobbs__ of the county of __Cook__ in the state of __Illinois__.

3. The defendant is __Kristi L. Noem, Secretary, Department of Homeland Security USCIS__ whose street address is __Office of General Counsel, US Department of Homeland Security__ (city) __Washington__ (county) _____ (state) __DC__ (ZIP) __20528-0485__
(Defendant's telephone number) __(202)-282-8000__

4. The plaintiff sought employment or was employed by the defendant at (street address) __181 W. Madison St, Suite 300__ (city) __Chicago__ (county) __Cook__ (state) __IL__ (ZIP code) __60602__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. The plaintiff [*check one box*]

    (a) ☐ was denied employment by the defendant.

    (b) ☐ was hired and is still employed by the defendant.

    (c) ☒ was employed but is no longer employed by the defendant.

6. The defendant discriminated against the plaintiff on or about, or beginning on or about, (month) May, (day) 22, (year) 2023.

7.1 (*Choose paragraph 7.1 or 7.2, do not complete both.*)

    (a) The defendant is not a federal governmental agency, and the plaintiff [*check one box*] ☐has ☐has not filed a charge or charges against the defendant asserting the acts of discrimination indicated in this complaint with any of the following government agencies:

        (i) ☐ the United States Equal Employment Opportunity Commission, on or about

        (month)_____ (day)_____ (year)_____.

        (ii) ☐ the Illinois Department of Human Rights, on or about

        (month)_____ (day)_____ (year)_____.

    (b) If charges *were* filed with an agency indicated above, a copy of the charge is attached. ☐ Yes, ☐ No, **but plaintiff will file a copy of the charge within 14 days.**

It is the policy of both the Equal Employment Opportunity Commission and the Illinois Department of Human Rights to cross-file with the other agency all charges received. The plaintiff has no reason to believe that this policy was not followed in this case.

7.2 The defendant is a federal governmental agency, and

    (a) the plaintiff previously filed a Complaint of Employment Discrimination with the

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

☑ Yes (month) 08 (day) 16 (year) 2023

☐ No, did not file Complaint of Employment Discrimination

(b) The plaintiff received a Final Agency Decision on (month) 03 (day) 12 (year) 2024.

(c) Attached is a copy of the

   (i) Complaint of Employment Discrimination,

   ☑ YES  ☐ NO, but a copy will be filed within 14 days.

   (ii) Final Agency Decision

   ☑ YES  ☐ NO, but a copy will be filed within 14 days.

8. *(Complete paragraph 8 only if defendant is not a federal governmental agency.)*

   (a) ☐ the United States Equal Employment Opportunity Commission has not issued a *Notice of Right to Sue.*

   (b) ☑ the United States Equal Employment Opportunity Commission has issued a *Notice of Right to Sue*, which was received by the plaintiff on (month) 06 (day) 23 (year) 2025 a copy of which *Notice* is attached to this complaint.

9. The defendant discriminated against the plaintiff because of the plaintiff's [*check only those that apply*]:

   (a) ☐ Age (Age Discrimination Employment Act).
   (b) ☑ Color (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

3

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(c) ☑ Disability (Americans with Disabilities Act or Rehabilitation Act)

(d) ☑ National Origin (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(e) ☑ Race (Title VII of the Civil Rights Act of 1964 and 42 U.S.C. §1981).

(f) ☐ Religion (Title VII of the Civil Rights Act of 1964)

(g) ☑ Sex (Title VII of the Civil Rights Act of 1964)

10. If the defendant is a state, county, municipal (city, town or village) or other local governmental agency, plaintiff further alleges discrimination on the basis of race, color, or national origin (42 U.S.C. § 1983).

11. Jurisdiction over the statutory violation alleged is conferred as follows: for Title VII claims by 28 U.S.C.§1331, 28 U.S.C.§1343(a)(3), and 42 U.S.C.§2000e-5(f)(3); for 42 U.S.C.§1981 and §1983 by 42 U.S.C.§1988; for the A.D.E.A. by 42 U.S.C.§12117; for the Rehabilitation Act, 29 U.S.C. § 791.

12. The defendant [*check only those that apply*]
(a) ☐ failed to hire the plaintiff.

(b) ☐ terminated the plaintiff's employment.

(c) ☐ failed to promote the plaintiff.

(d) ☐ failed to reasonably accommodate the plaintiff's religion.

(e) ☐ failed to reasonably accommodate the plaintiff's disabilities.

(f) ☑ failed to stop harassment;

(g) ☑ retaliated against the plaintiff because the plaintiff did something to assert rights protected by the laws identified in paragraphs 9 and 10 above;

(h) ☐ other (specify): _____

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

_____

13. The facts supporting the plaintiff's claim of discrimination are as follows: Illinois Department of Employment Security recieved a false reporting that Plaintiff resigned to pursue another job opportunity resulting in an overpayment for the Plaintiff.

14. [*AGE DISCRIMINATION ONLY*] Defendant knowingly, intentionally, and willfully discriminated against the plaintiff.

15. The plaintiff demands that the case be tried by a jury. ☑ Yes ☐ No

16. THEREFORE, the plaintiff asks that the court grant the following relief to the plaintiff [*check only those that apply*]

   (a) ☐ Direct the defendant to hire the plaintiff.

   (b) ☐ Direct the defendant to re-employ the plaintiff.

   (c) ☐ Direct the defendant to promote the plaintiff.

   (d) ☐ Direct the defendant to reasonably accommodate the plaintiff's religion.

   (e) ☐ Direct the defendant to reasonably accommodate the plaintiff's disabilities.

   (f) ☑ Direct the defendant to (specify): Correctly report Plaintiff's reason for resigning to the Illinois Department of Employment Security

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

This sheet of paper signals the additional submission of the plaintiff asks the court to grant the following relief to plaintiff (Section 16 (f)) in the following attached documentation:

# Please use this section to answer the following sections of G-1476A Part 9: Requested Resolution and Initial Contact Date Clarification

## Listed of remedies requested to make complaint whole:

1. **DHS-USCIS-RAIO-CHICAGO ASYLUM OFFICE must correct the submission of the claim that I resigned from my position due to obtaining another employment opportunity to the Illinois Department of Employment (IDES). My resignation was ambiguous and vague as to my reasoning for resigning, being that I was experiencing a medical crisis and had to seek medical attention to comprehend my condition at the time.**

   **IDES can not provide me with relief from debt incurred due to DHS-USCIS-RAIO-CHICAGO ASYLUM OFFICE Management's action until this matter stated above is resolved.**

**Unemployment Compensation Not Deducted from Back Pay - the Collateral Source Rule**

Unemployment compensation is an interim source of income, but it is a collateral source in the sense that it comes from the state - not the federal employer. An employer cannot set off or mitigate its damages through a collateral source - in this case the state's payment of unemployment compensation even though the employer might have contributed to the source.

When a back payment is made where unemployment had been received, in theory the unemployment compensation represents an overpayment from the state and is due to the state. See <u>Morra-Morrison v. U.S. Postal Service</u>, EEOC Petition No. 04980023 (June 2, 1999). This process of recoupment is generally a matter between the complainant and the state.

2. I am requesting Front Pay for the condition of receiving a social stain on my civil service record and possible interference from DHS-USCIS-RAIO-Chicago Asylum Office during reference checks in obtaining employment opportunities after the reporting of a falsified claim of securing employment for reasoning for resignation from my position of Mission Support Specialist with the Chicago Asylum Office. I experienced extreme financial hardship, re-aggravation of medical issues and emotional distress due DHS-USCIS-RAIO-Chicago Asylum Office's action.

FRONT PAY

Front pay is an equitable remedy that compensates an individual when reinstatement is not possible in certain limited circumstances. The Commission has held that front pay may be awarded in lieu of reinstatement when: (1) no position is available; (2) a subsequent working relationship between the parties would be antagonistic; or (3) the employer has a record of long-term resistance to anti-discrimination efforts. Brinkley v. U.S. Postal Service, EEOC Request No, 05980429 (Aug. 12, 1999). The fact that front pay is awarded in lieu of reinstatement implies that the complainant is able to work but cannot do so because of circumstances external to the complainant. See Cook v. U.S. Postal Service, EEOC Appeal No. 01950027 (July 17, 1998).

**The Commission has held that front pay is an equitable remedy to be awarded for a reasonable future period required for the victim of discrimination to reestablish his rightful place in the job market. See Deidra Brown-Fleming v. Dep't. of Justice, EEOC Petition No. 0420080016 (Oct. 28, 2010).**

3. I am requesting that EEO & DHS-USCIS-DHS- RAIO-Chicago Asylum Office take steps to ensure that the same type of action does not recur.

OTHER FORMS OF EQUITABLE RELIEF

As appropriate, the agency shall also:

1. Cancel an unwarranted personnel action and restore the employee to the status s/he occupied prior to the discrimination;
2. Expunge any adverse materials relating to the discriminatory employment practice from the agency's records;[iii] and

3. Provide the individual with a full opportunity to participate in the employee benefit that was denied - for example, training, preferential work assignments, or overtime scheduling.

   Following a finding of discrimination, the agency should take steps to ensure that the same type of action does not recur. In Cheeks v. Dep't. of the Army, EEOC Appeal No. 0120091345 (Feb. 1, 2012), the agency was found to have engaged in racial harassment. The agency was ordered to take all necessary steps to ensure that complainant had no contact with the supervisor responsible for the harassment, as well as to provide complainant with a designated management official to whom he could report any subsequent acts of harassment. See also Ighile v. Dep't. of Justice, EEOC Appeal No. 0720110010 (Apr. 13, 2012) (ordering the agency to cease and desist from all hostile conduct directed to complainant, and take appropriate action to ensure that his co-workers cease and desist from any hostile conduct).

4. **I am requesting the coverage of the fees of securing the expertise of the consultation of RVPP Solutions Holistic Health Advocacy services to complete and submit complaint to EEO:**

## VI. ATTORNEY'S FEES AND COSTS

### E. Awards of Costs and Fees for Expert and Non-Lawyer Services

1. A prevailing complainant is entitled to recovery of his/her costs. Costs include those costs authorized by 28 U.S.C. § 1920. 29 C.F.R. § 1614.501(e)(2)(ii)(C). These include: witness fees; transcript costs; and printing and copying costs. In addition, reasonable out-of-pocket expenses may include all costs incurred by the attorney that are normally charged to a fee-paying client in the normal course of providing representation. Hafiz v. Dep't. of Defense, EEOC Petition No. 04960021 (July 11, 1997). These costs may include such items as mileage, postage, telephone calls, and photocopying.

2. A prevailing complainant is entitled to expert fees as part of recoverable attorney's fees. 42 U.S.C. § 1988. The fee is not limited to per diem expenditures, but includes all expenses incurred in connection with the retention of an expert. Id. Recovery is generally limited to testifying experts, but fees may be awarded for non-testifying experts if the complainant can show that the expert's services were reasonably necessary to the case.

3. A prevailing complainant is entitled to compensation for the work of law clerks, paralegals, and law students under the supervision of members of the bar, at market rates, 29 C.F.R. § 1614.501(e)(1)(iii), but not for clerical services. Missouri v. Jenkins, 491 U.S. 274 (1989).

4. Reasonable costs incurred directly by a prevailing complainant (for example, one who is unrepresented or who is represented by a non-lawyer) are compensable. Hafiz, supra. Costs must be proved in the same manner as fees are, and the complainant must provide documentation, such as bills or receipts.

5. Witness fees shall be awarded in accordance with 28 U.S.C. § 1821, except that no award shall be made for a federal employee who is in a duty status when made available as a witness. 29 C.F.R. § 1614.501(e)(2)(iii).

5. **I am requesting compensatory damages for losses or suffering inflicted due to the discriminatory act or conduct by DHS-USCIS-RAIO-Chicago Asylum Office in the submission of the claim that I resigned from my position due to obtaining another employment opportunity to the Illinois Department of Employment (IDES).**

## VII. COMPENSATORY DAMAGES

Compensatory damages are awarded to compensate a complaining party for losses or suffering inflicted due to the discriminatory act or conduct. See Carey v. Piphus 435 U.S. 247, 254 (1978)(purpose of damages is to "compensate persons for injuries caused by the deprivation of constitutional rights"). Compensatory damages "may be had for any proximate consequences which can be established with requisite certainty." 22 Am Jur 2d Damages § 45 (1965) Compensatory damages include damages for past pecuniary loss (out-of-pocket loss), future pecuniary loss, and nonpecuniary loss (emotional harm). See Goetze v. Dep't. of the Navy, EEOC Appeal No. 01991530 (Aug. 23, 2001).

### A. Entitlement to Seek Compensatory Damages

1. Pursuant to Section 102(a) of the Civil Rights Act of 1991, a complainant who establishes his/her claim of unlawful discrimination may receive, in addition to equitable remedies, compensatory damages for past and future pecuniary losses (that is, out of pocket expenses) and non-pecuniary losses (for example, pain and suffering, mental anguish). 42 U.S.C. § 1981a(b)(3). For an employer with more than 500 employees, the limit of liability for future pecuniary and non-pecuniary damages is $300,000. Id. Complainants

prevailing on claims under the Age Discrimination in Employment Act of 1967, <u>as amended</u>, and the Equal Pay Act of 1963, <u>as amended</u>, are not entitled to compensatory damages at the administrative level.

2. Under Section 102 of the Civil Rights Act of 1991, compensatory damages may be awarded for past pecuniary losses, future pecuniary losses, and non-pecuniary losses that are directly or proximately caused by the agency's discriminatory conduct. However, Section 102 prohibits such awards for an employment practice that is unlawful because of its disparate impact. <u>Compensatory and Punitive Damages Available under Section 102 of the Civil Rights Act of 1991</u> (July 14, 1992).

3. However, Section 102 also provides that an agency is not liable for compensatory damages in cases of disability discrimination where the agency demonstrates that it made a good faith effort to accommodate the complainant's disability.

    An agency can demonstrate a good faith effort by proving that it consulted with the individual with a disability and attempted to identify and make a reasonable accommodation. <u>Schauer v. Social Security Administration</u>, EEOC Appeal No. 01970854 (July 12, 2001); compare <u>Luellen v. U.S. Postal Service</u>, EEOC Appeal No. 01951340 (Dec. 23, 1996) (agency demonstrated good faith effort where it consulted with complainant and her physicians in attempting to identify a reasonable accommodation, despite the fact that these efforts were not sufficient to afford complainant a reasonable accommodation); <u>Morris v. Dep't. of Defense</u>, EEOC Appeal No. 01962984 (Oct. 1, 1998) (agency did not make a good faith effort to identify and provide a reasonable accommodation for complainant where it did not make any attempt to find an available office position for complainant in spite of his repeated requests.).

4. The Commission may set out the amount of compensatory damages to be awarded by the respondent agency in its decisions. Alternatively, the Commission may remand the matter to the agency for a determination of the amount of compensatory damages.

6. **I am requesting Non-Pecuniary, Past and Future Pecuniary Damages for the emotional pain and injury to character, professional standing, and reputation I obtained due to the discriminatory act or conduct by DHS-USCIS-RAIO-Chicago Asylum Office in the submission of the claim that I resigned from my position due to obtaining another employment opportunity to the Illinois Department of Employment (IDES).**

## B. Legal Principles

1. **Non-Pecuniary Damages**

   Non-pecuniary damages are losses that are not subject to precise quantification including emotional pain and injury to character, professional standing, and reputation. Compensatory damages are awarded to compensate for losses or suffering inflicted due to discrimination. Punitive damages are not available against the federal government.

   The particulars of what relief may be awarded, and what proof is necessary to obtain that relief, are set forth in detail in the Commission Notice No. 915.002, Compensatory and Punitive Damages Available under Section 102 of the Civil Rights Act of 1991 (July 14, 1992). Briefly stated, the complainant must submit evidence to show that the agency's discriminatory conduct directly or proximately caused the losses for which damages are sought. Id. at 11-12, 14; Rivera v. Dep't. of the Navy, EEOC Appeal No. 01934157 (July 22, 1994).

   The amount awarded should reflect the extent to which the agency's discriminatory action directly or proximately caused harm to the complainant and the extent to which other factors may have played a part. The Commission Notice No. 915.002, Compensatory and Punitive Damages Available Under Section 102 of the Civil Rights Act of 1991 (July 14, 1992) at 11-12. The amount of non-pecuniary damages should also reflect the nature and severity of the harm to the complainant, and the duration or expected duration of the harm. Id. at 14.

   In Carle v. Dep't. of the Navy, the Commission explained that "objective evidence" of non-pecuniary damages could include a statement by the complainant explaining how s/he was affected by the discrimination. EEOC Appeal No. 01922369 (Jan. 5, 1993). Non-pecuniary damages must be limited to the sums necessary to compensate the injured party for the actual harm and should take into account the severity of the harm and the length of the time the injured party has suffered from the harm. Carpenter v. Dep't. of Agriculture, EEOC Appeal No. 01945652 (July 17, 1995).

   Objective evidence of compensatory damages can include statements from complainant concerning his emotional pain or suffering, inconvenience, mental anguish, loss of enjoyment of life, injury to professional standing, injury to character or reputation, injury to credit standing, loss of health, and any other non-pecuniary losses that are incurred as a result of the discriminatory conduct. Id. Statements from others including family members, friends, health care providers, or other EEO Counselors (including clergy) could address the outward manifestations or physical consequences of emotional distress,

including sleeplessness, anxiety, stress, depression, marital strain, humiliation, emotional distress, loss of self-esteem, excessive fatigue, significant weight loss or gain, or a nervous breakdown. Id. Complainant's own testimony, along with the circumstances of a particular case, can suffice to sustain his burden in this regard. Id. The more inherently degrading or humiliating the defendant's action is, the more reasonable it is to infer that a person would suffer humiliation or distress from that action. Id.

Evidence from a health care provider or other expert is not a mandatory prerequisite for recovery of compensatory damages for emotional harm. See Lawrence v. U.S. Postal Service, EEOC Appeal No. 01952288 (Apr. 18, 1996) (citing Carle v. Dep't. of the Navy, EEOC Appeal No. 01922369 (Jan.. 5, 1993)). The absence of supporting evidence, however, may affect the amount of damages appropriate in specific cases. Id.

Non-pecuniary damages must be limited to compensation for the actual harm suffered as a result of the agency's discriminatory actions. See Carter v. Duncan-Huggans, Ltd., 727 F.2d 1225 (D.C. Cir. 1994); The Commission Notice No. 915.002, Compensatory and Punitive Damages Available Under Section 102 of the Civil Rights Act of 1991 (July 14, 1992) at 13. A proper award should take into account the severity of the harm and the length of time that the injured party suffered the harm. See Carpenter, supra. Additionally, the amount of the award should not be "monstrously excessive" standing alone, should not be the product of passion or prejudice, and should be consistent with the amount awarded in similar cases. See Jackson v. U.S. Postal Service, EEOC Appeal No. 01972555 (Apr. 15, 1999), citing Cygnar v. City of Chicago, 865 F. 2d 827, 848 (7th Cir. 1989). Finally, we note that in determining non-pecuniary compensatory damages, the Commission has also taken into consideration the nature of the agency's discriminatory actions. See Utt v. U.S. Postal Service, EEOC Appeal No. 0720070001 (Mar. 26, 2009); Brown-Fleming v. Dep't. of Justice, EEOC Appeal No. 0120082667 (Oct. 28, 2010).

2. **Past Pecuniary Damages**

Compensatory damages may be awarded for pecuniary losses that are directly or proximately caused by the agency's discriminatory conduct. See The Commission Notice No. 915.002, Compensatory and Punitive Damages Available under Section 102 of the Civil Rights Act of 1991 (July 14, 1992) at 8. Pecuniary losses are out-of-pocket expenses incurred as a result of the agency's unlawful action, including job-hunting expenses, moving expenses, medical expenses, psychiatric expenses, physical therapy expenses, and other quantifiable out-of-pocket expenses. Id. Past pecuniary losses are losses incurred prior to the resolution of a

complaint through a finding of discrimination, or a voluntary settlement. Id. at 8-9.

In a claim for pecuniary compensatory damages, complainant must demonstrate, through appropriate evidence and documentation, the harm suffered as a result of the agency's discriminatory action. Rivera v. Dep't. of the Navy, EEOC Appeal No. 01934156 (July 22, 1994); The Commission Notice No. 915.002, Compensatory and Punitive Damages Available Under Section 102 of the Civil Rights Act of 1991 (July 14, 1992), at 11-12, 14; Carpenter v. Dep't. of Agriculture, EEOC Appeal No. 01945652 (July 17, 1995). Objective evidence in support of a claim for pecuniary damages includes documentation showing actual out-of-pocket expenses with an explanation of the expenditure. See The Commission Notice No. 915.002, Compensatory and Punitive Damages Available Under Section 102 of the Civil Rights Act of 1991 (July 14, 1992) at 11-12; Carle v. Dep't. of the Navy, EEOC Appeal No. 01922369 (Jan. 5, 1993). The agency is only responsible for those damages that are clearly shown to be caused by the agency's discriminatory conduct. Id. To recover damages, the complainant must prove that the employer's discriminatory actions were the cause of the pecuniary loss. The Commission Notice No. 915.002, Compensatory and Punitive Damages Available Under Section 102 of the Civil Rights Act of 1991 (July 14, 1992) at 8.

3. **Future Pecuniary Damages**

Future pecuniary losses are losses that are likely to occur after resolution of a complaint. See Compensatory and Punitive Damages Available under Section 102 of the Civil Rights Act of 1991, the Commission Notice No. 915.002 at 9.

An award for the loss of future earning potential considers the effect that complainant's injury will have on her ability in the future to earn a salary comparable with what she earned before the injury. Brinkley v. U.S. Postal Service, EEOC Request No. 05980429 (Aug. 12, 1999) citing McKnight v. General Motors Corp., 973 F.2d 1366, 1370 (7th Cir. 1992). Where complainant has shown that her future earning power has been diminished as a result of the agency's discrimination, the Commission has awarded future pecuniary damages for the loss of future earning capacity. See Morrison v. U.S. Postal Service, EEOC Appeal No. 07A50003 (Apr. 18, 2006) (citing Brinkley, supra); Hernandez v. U.S. Postal Service, EEOC Appeal No. 07A30005 (July 16, 2004). Proof of entitlement to loss of future earning capacity involves evidence suggesting that the individual's injuries have narrowed the range of economic opportunities available to her. Carpenter v. Dep't. of Agriculture, EEOC Appeal No. 01945652 (July 17, 1995). Generally, the party seeking compensation for loss of earning capacity needs to provide evidence which demonstrates with reasonable certainty or reasonable

probability that the loss has been sustained. Id., (citing Annotation, Evidence of Impaired Earnings Capacity, 18 A.L.R. 3d 88, 92 (1968)). Such evidence need not prove that the injured party will, in the near future, earn less than she did previously, but that "[her] injury has caused a diminution in [her] ability to earn a living." Carpenter, supra, (citing Gorniak v. Nat'l R.R. Passenger Corp., 889 F.2d 481, 484 (3d Cir. 1989)).

---

[1] See Sipriano v. Dep't. of Homeland Security, EEOC Appeal No. 0120103167 (Jan. 20, 2011), request for reconsideration denied, EEOC Request No. 0520110313(May 12, 2011) (ordering the agency to expunge all documentation relating to a discriminatory termination from complainant's records); Farrington v. Dep't. of Homeland Security, EEOC Appeal No. 0720090011 (Jan. 19, 2011), request for reconsideration denied, EEOC Request No. 0520110295(May 12, 2011) (ordering the agency to expunge evaluation reports and documents referencing a discriminatory investigation).

[2] See 29 C.F.R. § 1614.501(c).

[3] In fact, the Commission strongly urges that agencies include consideration of disciplinary action in all agency orders on findings of intentional discrimination. In certain circumstances, training may be ordered for additional agency managers and staff.

[4] Where the parties enter into a settlement agreement that provides for but does not quantify the amount of attorney's fees and costs, the attorney should submit his/her statement of fees and costs and supporting documentation to the agency for determination of the amount due. The agency should issue a decision on fees within 60 days of receipt of the statement and supporting documentation. See 29 C.F.R. § 1614.501(e)(2)(ii)(A). If the complainant disputes the amount awarded, s/he may file an appeal with the Commission.

[5] Where the Commission finds discrimination in a case in which the agency takes final action under 29 C.F.R. § 1614.110(a), the Commission will remand the case to the Administrative Judge for a determination of attorney's fees. Where the decision on appeal originates from a case handled exclusively by the agency (that is, where the complainant elected a final agency decision under 29 C.F.R. § 1614.110(b)), the Commission will remand the case to the agency for a determination of attorney's fees.

[6] Pendente lite is Latin for awaiting the litigation (lawsuit). It is applied to court orders (such as temporary child support) which are in effect until the case is tried, or rights that cannot be enforced until the lawsuit is over.

**Name:**

|  |
|---|

**Date:**

|  |
|---|

**Signature:**

|  |
|---|

**Completed by:**

| Tomyro Dobbs, Holistic Health Advocate, RVPP SOLUTIONS |
|---|

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

_____

_____

_____

(g) ☑ If available, grant the plaintiff appropriate injunctive relief, lost wages, liquidated/double damages, front pay, compensatory damages, punitive damages, prejudgment interest, post-judgment interest, and costs, including reasonable attorney fees and expert witness fees.

(h) ☑ Grant such other relief as the Court may find appropriate.

_Tamyra D_____
(Plaintiff's signature)

Tamyra L. Dobbs
(Plaintiff's name)

8146 S Cornell Ave
(Plaintiff's street address)

(City) Chicago (State) IL (ZIP) 60617

(Plaintiff's telephone number) (312) - 725-3641

Date: 09/22/2025

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/27/2016

6



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Office of Federal Operations
P.O. Box 77960
Washington, DC 20013

Tomyro L. Dobbs a/k/a
Harriet M.,[1]
Complainant,

v.

Kristi L. Noem,
Secretary,
Department of Homeland Security
(Citizenship and Immigration Services),
Agency.

Request No. 2025000657

Appeal No. 2024003124

Agency No. HS-CIS-02245-2023

DECISION ON REQUEST FOR RECONSIDERATION

Complainant requested that the Equal Employment Opportunity Commission (EEOC or Commission) reconsider its decision in EEOC Appeal No. 2024003124 (October 16, 2024). EEOC Regulations provide that the Commission may, in its discretion, grant a request to reconsider any previous Commission decision issued pursuant to 29 C.F.R. § 1614.405(a), where the requesting party demonstrates that: (1) the appellate decision involved a clearly erroneous interpretation of material fact or law; or (2) the appellate decision will have a substantial impact on the policies, practices, or operations of the agency. See 29 C.F.R. § 1614.405(c).

In the previous decision, the Commission affirmed the Agency's final decision dismissing the complaint pursuant to 29 C.F.R. § 1614.107(a)(2) for untimely EEO Counselor contact.

---

[1] This case has been randomly assigned a pseudonym which will replace Complainant's name when the decision is published to non-parties and the Commission's website.

2                                                                                          2025000657

Specifically, the Commission found that the alleged discriminatory claims occurred on September 7, 2021, and May 22, 2023; however, Complainant did not initiate EEO Counselor contact until August 16, 2023, beyond the 45-day limitation period. While Complainant contended that she was unable to timely initiate contact with an EEO Counselor due to medical issues she was facing as well as the stress and anxiety she experienced due to the pandemic, the Commission ultimately found that Complainant failed to provide sufficient justification to warrant tolling of the time limits and emphasized that Complainant did not provide any medical reports or other evidence of incapacity beyond her bare statement.

In requesting reconsideration, Complainant expresses her disagreement with the previous decision and states that she is "seeking a reconsideration of the interpretation of material and facts of the evidence of this case to address an erroneous review of the interpretation of the facts resulting in EEOC's affirming of the Agency's decision…"

We have reviewed the various arguments raised by Complainant in support of the instant request for reconsideration and the record. However, we can find no basis to disturb the Commission's prior decision, as Complainant presents arguments that were previously raised and considered or could have been raised during the original appeal.

The Commission emphasizes that a request for reconsideration is not a second appeal. Equal Employment Opportunity Management Directive for 29 C.F.R. Part 1614 (EEO MD-110), Chap. 9 § VI.A (Aug. 5, 2015); see, e.g., Lopez v. Dep't of Agric., EEOC Request No. 2024003124 (October 16, 2024). Rather, a reconsideration request is an opportunity to demonstrate that the appellate decision involved a clearly erroneous interpretation of material fact or law, or will have a substantial impact on the policies, practices, or operations of the Agency. Complainant has not done so here. Thus, we conclude that Complainant has not presented any persuasive evidence to support reconsideration of the Commission's decision.

After reviewing the previous decision and the entire record, the Commission finds that the request fails to meet the criteria of 29 C.F.R. § 1614.405(c), and it is the decision of the Commission to DENY the request. The decision in EEOC Appeal No. 2024003124 remains the Commission's decision. There is no further right of administrative appeal on the decision of the Commission on this request.

3          2025000657

## COMPLAINANT'S RIGHT TO FILE A CIVIL ACTION (P0124)

This decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. You have the right to file a civil action in an appropriate United States District Court **within ninety (90) calendar days** from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by their full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work.

## RIGHT TO REQUEST COUNSEL (Z0815)

If you want to file a civil action but cannot pay the fees, costs, or security to do so, you may request permission from the court to proceed with the civil action without paying these fees or costs. Similarly, if you cannot afford an attorney to represent you in the civil action, you may request the court to appoint an attorney for you. **You must submit the requests for waiver of court costs or appointment of an attorney directly to the court, not the Commission.** The court has the sole discretion to grant or deny these types of requests. Such requests do not alter the time limits for filing a civil action (please read the paragraph titled Complainant's Right to File a Civil Action for the specific time limits).

FOR THE COMMISSION:

*Carlton M. Hadden* (signature)
Carlton M. Hadden, Director
Office of Federal Operations

June 23, 2025
Date